95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sean MEACHAM and Ramone Botello, Defendants-Appellants.
 Nos. 95-1621, 95-1955.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1996.
 
 Before: MARTIN and DAUGHTREY, Circuit Judges; and BECKWITH, District Judge.*
 PER CURIAM.
 
 
 1
 Sean Meacham and Ramone Botello appeal the sentences imposed by the district court after each pled guilty to charges of conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. Appellants allege that the district court committed several errors in calculating the sentences imposed upon them. Finding no merit to the contentions raised on appeal, we AFFIRM.
 
 
 2
 This is the second appeal in this case. The historical and procedural history leading to the indictments and guilty pleas are set forth in our prior opinion, see United States v. Meacham, 27 F.3d 214 (6th Cir.1994), and we recite only those facts necessary to a resolution of the instant appeal.
 
 
 3
 After each defendant entered into a Rule 11 plea agreement pleading guilty to conspiracy to distribute a controlled substance, the district court initially sentenced Meacham on May 13, 1993, to six years and six months' imprisonment, and Botello to thirteen years of incarceration two weeks later. According to the presentence report prepared for both defendants, undercover police officers purchased or negotiated to purchase a total of eighty to one hundred kilograms of "marijuana equivalents"[1] during an investigation into the drug conspiracy. The presentence report recommended that each defendant be held responsible for an amount between eighty and one hundred kilograms of marijuana equivalents distributed during the conspiracy, and therefore recommended a base offense level of twenty-four for each defendant. The government objected to this conclusion, arguing that the defendants were selling drugs to a large number of people during the period of the investigation, and that calculating the base offense level by including only those purchases made by the investigators significantly underrepresented the scope of the conspiracy. As support for its claim, the government offered the testimony of Officer Dennis McMahan, which was given at the sentencing hearing for Shannon Jones, another coconspirator involved in the narcotics enterprise.
 
 
 4
 As an undercover officer involved in the investigation into the conspiracy, McMahan posed as a customer and purchased sizeable amounts of cocaine and marijuana from the defendants. McMahan also periodically conducted surveillance of the defendants' residence. McMahan testified extensively regarding the stream of suspected drug customers coming in and out of the residence. McMahan stated his opinion that, based on his observations and experience, about forty percent of the customers purchased cocaine in one-eighth to one-quarter ounce quantities. The other sixty percent purchased marijuana.
 
 
 5
 The district court agreed with the government that the presentence report underrepresented the extent of the drug sales during the conspiracy. Based upon the presentence report and McMahan's testimony, the court concluded that each defendant was responsible for more than one hundred kilograms of "marijuana equivalents," and calculated each defendant's base offense level at twenty-six. In reaching this conclusion, the court stated:
 
 
 6
 A very conservative estimate of ten customers a week means about 200 customers during that 20 weeks. Roughly half of those customers, a little bit less, would be perhaps between 80 and 100. If we took the low side of that, 80 customers, each one of them buying the smallest amount of cocaine that the officer observed, that being an 8-ball at 3 and a half grams each, would be far beyond the statutory amount. That would be up in the neighborhood of 250 to 300 grams of cocaine being sold to those observed individuals during that five months stretch of time.
 
 
 7
 The defendants appealed the sentences imposed by the district court, and this Court reversed in Meacham I. We remanded for resentencing because "the district court failed to make individualized findings regarding the scope of the conspiracy and the duration and nature of each defendant's participation in the scheme." Id. at 217. In so doing, we explained that "under the Sentencing Guidelines, particularized sentencing is mandated, and 'differentiation between coconspirators is required.' " Id. (quoting United States v. Jenkins, 4 F.3d 1338, 1347 (6th Cir.1993), cert. denied, 114 S.Ct. 1547 (1994)). We also noted that a district court cannot sentence a defendant according to the amount involved in the conspiracy without specific findings to support such a conclusion. Id. (citations omitted). Remand was appropriate, because we were "unconvinced that the district court conducted a sufficiently individualized inquiry into the government's evidence." Id.
 
 
 8
 On remand, the district court initially directed the parties to file sentencing memoranda with the court, and then sought additional briefing prior to sentencing. The court began sentencing for both defendants on May 15, 1995. After an evidentiary hearing on May 18, at which Officer McMahan testified for the government, the court affirmed its earlier conclusion that Meacham was responsible for over one hundred kilograms of marijuana equivalents, calculated his offense level at twenty-six, and resentenced Meacham to the same six years and six months' imprisonment.
 
 
 9
 On July 27, 1995, the district court resumed sentencing for Botello. McMahan again testified at this hearing. On August 15, the district court sentenced Botello to twelve years of imprisonment. Although the court affirmed its earlier conclusion that Botello was responsible for more than one hundred kilos of marijuana equivalents, the reduction in Botello's sentence reflected the district court's acceptance of Botello's claim that he had not manifested acceptance of responsibility before his original sentencing because his counsel kept him from doing so. Accordingly, the district court reduced Botello's base offense level by two points for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.
 
 
 10
 In the present appeal, the defendants take issue with the district court's calculation of the drug amounts for which each can be held accountable during the conspiracy. We review the district court's factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts. 18 U.S.C. § 3742(e); United States v. Ferguson, 23 F.3d 135, 141-42 (6th Cir.), cert. denied, 115 S.Ct. 259 (1994). Here, to determine the base offense level for each defendant, the district court was required to find that acts undertaken by others in the conspiracy were in furtherance of the joint activity and reasonably foreseeable in connection with that activity. U.S.S.G. § 1B1.3(a)(1)(B). As we explained in Meacham I, "the sentencing court must consider those quantities of drugs not specified in the counts of conviction that are "part of the same course of conduct or common scheme or plan." Meacham I, 27 F.3d at 216 (citing U.S.S.G. § 1B1.3(a)(2) and United States v. Zimmer, 14 F.3d 286, 290 (6th Cir.1994)). If the amount of drugs involved in the conspiracy is uncertain, sentencing courts are urged to "err on the side of caution" and hold the defendant responsible for that quantity of drugs for which the defendant is more likely than not responsible." Id. (citations omitted). "The sentencing court's relevant conduct approximation must be based on reliable information and supported by a preponderance of the evidence." Id. (citing U.S.S.G. § 6A1.3(a)).
 
 
 11
 Botello and Meacham first claim that Officer McMahan's testimony was speculative and conjectural, and that McMahan was not a credible witness. As a result, according to the defendants, the district court erred in crediting McMahan's testimony and calculating the drug amounts for which each was responsible on the basis of such testimony.
 
 
 12
 We refuse to overrule the district court's credibility determination. Officer McMahan was extensively involved in the investigation into the conspiracy, and had vast personal knowledge, through personal transactions and surveillance, of the drugs sold during the conspiracy. Nothing in the record undermines Officer McMahan's credibility, defendants' claims to the contrary notwithstanding.
 
 
 13
 Further, we do not believe McMahan's testimony to be unduly speculative or conjectural. Sentencing courts may rely on any information at sentencing so long as it has a "sufficient indicia of reliability to support its probable accuracy." United States v. Silverman, 976 F.2d 1502, 1513 (6th Cir.), cert. denied, 507 U.S. 990 (1993). McMahan's testimony, considered by the district court along with other evidence such as the grand jury testimony of two informants, certainly bore a minimal indicia of reliability.
 
 
 14
 As for defendant Meacham's claims, his general argument is that the district court erred in finding certain drug transactions "reasonably foreseeable," and therefore applicable for determining his base offense level. Specifically, he claims that he should not have been held accountable for: 1) fifteen pounds of marijuana discussed by Botello and McMahan out of the presence of Meacham; 2) eighty-one point seven grams of cocaine purchased from a third party by McMahan in Detroit, also outside the presence of Meacham; 3) two ounces of cocaine discussed by Botello and McMahan outside Meacham's presence; and 4) three one-eighth ounce bags of marijuana along with one pound of marijuana discussed by coconspirator Shannon Jones with McMahan, and six point seven grams of cocaine seized during a search of the residence, each of which occurred while Meacham was in jail.
 
 
 15
 We do not believe that the district court's findings that each of these transactions were "reasonably foreseeable" and in furtherance of the criminal conspiracy are clearly erroneous. Meacham directs this Court to nothing, other than his disagreement with these factual findings, to indicate that the district court committed clear error here. Our review of the record leads us to conclude that the district court had sufficient evidence to find that each of the acts set forth above were "reasonably foreseeable" to Meacham, and therefore attributable to him for the purposes of calculating his base offense level.
 
 
 16
 For similar reasons, Botello's claim must also fail. Botello claims that the district court's drug amount figure was "pulled out of the sky," and therefore clearly erroneous. We disagree. As to both defendants, the court had direct evidence of over seventy kilograms of marijuana equivalents. The court then estimated, based on McMahan's testimony as to what he saw during his surveillance and voluminous other evidence, the drug amounts attributable to Botello involving sales other than those sales in which the defendant sold directly to investigators or informants. The court had before it extensive testimony regarding the pattern of trafficking at the apartment, and conservatively estimated the drug amount involved in such activity. We find nothing in the record to warrant a conclusion that the district court committed clear error here.
 
 
 17
 We also reject Botello's claim that he should not have been accountable for drug amounts sold during a thirty-four day period while he was incarcerated. Because Botello was a major player in this conspiracy, the district court found that it was "reasonably foreseeable" to Botello that his coconspirators would keep the drug enterprise going while he was imprisoned. We agree. Nothing in the record indicates that Botello withdrew his participation in the conspiracy while he was incarcerated, and the evidence supports a finding that Botello could reasonably foresee that his coconspirators would continue furtherance of the activity while he was away.
 
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 "Marijuana equivalents" are a combination of marijuana and cocaine converted to an amount of marijuana pursuant to a Sentencing Guidelines formula